**Order issued April 14, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-01026-CV

————————————

**ENSIGN SERVICES, L.L.C. (F/K/A FE SERVICES, L.L.C.), FE SERVICES HOLDINGS, INC., AND JAMES STEWART, Appellants**

**V.**

**MARC JAN LEVESCONTE, Appellee**

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-04966**

## MEMORANDUM ORDER

Appellants and cross-appellees, Ensign Services, L.L.C., f/k/a FE Services, L.L.C., FE Services Holdings, Inc., and James Stewart, have filed a "Motion to Dismiss Cross-Appeal for Lack of Jurisdiction." Appellee and cross-appellant, Marc Jan Levesconte, responded by filing a "Motion to Extend Time to File Notice

of Cross-Appeal." We grant appellants' motion, deny appellee's motion, and dismiss appellee's cross-appeal.

Any party who seeks to alter the trial court's judgment must file a notice of appeal. TEX. R. APP. P. 25.1(c). Generally, a notice of appeal is due within thirty days after the judgment is signed. *See id*. 26.1(a)(1). The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *Id*. Further, "if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later." *Id.* 26.1(d). Finally, an appellate court may extend the deadline for filing a notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files a notice of appeal in the trial court and a motion for extension of time in the appellate court. *See id.* 26.3.

Here, the trial court signed the final judgment on September 29, 2014. Appellants timely filed a motion for new trial on October 29, 2014. Appellants further timely filed a notice of appeal on December 23, 2014. Therefore, the deadline for appellee to file a notice of cross-appeal was January 6, 2015. *See id*. 26.1(d).

2

Appellee filed his notice of cross appeal on February 21, 2015—46 days after the deadline. Appellee further filed a motion to extend the time to file his notice of cross appeal on March 20, 2015—73 days after the deadline for filing his notice of appeal and 58 days after the deadline for filing a motion for extension. We therefore **deny** appellee's motion for extension. *See id.* 26.3 (authorizing appellate court to extend time for filing notice of appeal if party files motion for extension within 15 days after deadline for filing notice of appeal).

Because appellee filed neither a notice of appeal nor a motion for extension of time by January 21, 2015, which was the final day of the 15-day period during which appellee was entitled to move to extend the filing deadline, his notice of cross appeal was not timely. *See* TEX. R. APP. P. 26.1(a)(1), (d), 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (implying motion for extension of time when notice of appeal was filed after deadline but within 15-day period in which party is entitled to move for extension).

Accordingly, we **grant** appellants' motion to dismiss and **dismiss** appellee's notice of cross appeal. *See Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Marks v. Martin*, No. 09-02-088-CV, 2003 WL 1989429, at *1 (Tex. App.—Beaumont May 1, 2003, pet. denied) (mem. op.); *see also* TEX. R. APP. P. 25.1(c), 26.1(d), 42.3. Appellants' appeal remains pending.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.